J-S66040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS M. RIVERA | |
| Appellant | No. 2109 MDA 2015 |

Appeal from the PCRA Order November 12, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003202-2012

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 13, 2016**

Carlos Rivera appeals from an order dismissing his petition for habeas corpus, which the lower court properly treated as a petition for relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On January 31, 2013, Rivera pled guilty to simple assault[2] and was sentenced to 6-24 months' imprisonment.  Rivera did not file a direct appeal.

On September 11, 2015, Rivera filed what he claimed was a habeas corpus petition claiming that the court improperly computed his offense gravity score at the time of sentencing. The court appointed PCRA counsel. On November 6, 2015, counsel filed a "no merit" letter pursuant to

_____

[1] 42 Pa.C.S. § 9541 *et seq*.

[2] 18 Pa.C.S. § 2701.

1

*Commonwealth v. Finley*, 550 A.2d 214 (Pa.Super.1988), and *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988), and requested leave to withdraw from the case.

On November 12, 2015, the court granted counsel leave to withdraw and entered a notice of intent to dismiss without a hearing. On November 23, 2015, Rivera filed a *pro se* "amended PCRA petition" which repeated his original claims and also stated that his petition fell within the "newly discovered evidence" exception to the PCRA's statute of limitations. On December 10, 2015, the court dismissed Rivera's petition.

One week earlier, on December 3, 2015, Rivera filed a notice of appeal. Pursuant to Pa.R.A.P. 905(a)(5), we treat the appeal as timely filed on December 10, 2015. *See id*. ("a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Both Rivera and the court complied with Pa.R.A.P. 1925.

Rivera alleged the following in his Pa.R.A.P. 1925(b) statement:

1. Defendant's gravity score was calculated erroneously by court officials; the court completely disregarded 'Court Procedure Rule 152,' relating to the amendment of rules, they 'altered' the gravity score from a 3 to a 5 thus sentencing the defendant to an excessive sentence, due to the court's negligence.

a. Defendant points out to the court that how is it possible for the court to state that in 1-31-13 sentencing defendants (PSI) were a 5 and this present day a (PSI) shows that defendant score is a 5? Clearly both erroneous. How is that possible? It's not.

2. The court purported to sentence defendant using the guidelines, but applied them erroneously; making the sentence illegal and excessive.

3. Defendant's constitutional rights were violated; as well as his due process in the court proceedings.

4. Defendant states that there was a 'conflict of interest' by A.D.A. Dugan prosecuting this case due to the fact that her husband a Reading Police Officer was on the scene, having his fellow officer been assaulted, causing a very personal vendetta against the defendant.

*Id*.

Before proceeding to Rivera's claims, "we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation." **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. **Id.** The independent review

requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Id.** (internal citation omitted).

PCRA counsel must also "serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that . . . he or she has the right to proceed *pro se* or with the assistance of privately

retained counsel." *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super.2011) (quoting *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* *Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa.2009)).

Counsel substantially complied with the dictates of *Turner/Finley*. In her no-merit letter, counsel provided a summary of the facts and procedural history of the case with citations to the record, provided citations to relevant case law, and concluded that the appeal was wholly frivolous. Counsel asserted in her motion to withdraw that she made a careful and conscientious review of the record, researched the issues and potential issues for appeal, and determined that Rivera's appeal was without merit. Further, counsel notified Rivera of her withdrawal request and sent him a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that he believed had merit.

Next, we must determine whether Rivera's PCRA petition[3] was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this

---

[3] Although Rivera entitled his original petition as a petition for habeas corpus, the lower court properly treated it as a PCRA petition, because it challenges the legality of his sentence, an issue squarely within the confines of the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii) (relief available under PCRA for "the imposition of a sentence greater than the lawful maximum"); *see also* 42 Pa.C.S. § 9542 (PCRA subsumes writ of habeas corpus unless PCRA does not provide potential remedy).

Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); ***see also*** 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Rivera's judgment of sentence became final on Monday, March 4, 2013,[4] his deadline for taking a direct appeal to this Court. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, he had until March 4, 2014 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He filed the present PCRA petition on September 11, 2015. Thus, his petition is patently untimely, and we must determine whether he has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Rivera fails to satisfy any of these exceptions. Contrary to his amended PCRA petition, his claim of an improper offense gravity score does

---

[4] The thirtieth day after sentencing, March 2, 2013, fell on a Saturday, thus extending the time for appealing to this Court to Monday, March 4, 2013. *See* 1 Pa.C.S. § 1908.

- 6 -

not constitute newly discovered evidence (section 9545(b)(1)(ii)), because all information relating to his sentence was publically available. ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248-49 (Pa.2013) (matters of public record are not unknown for purposes of newly discovered evidence exception to PCRA). Nor does Rivera contend that his sentence implicated governmental interference or violated a constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively (sections 9545(b)(1)(1) and (iii)).[5]

Because Rivera failed to plead and prove any of the statutory exceptions to the PCRA time limitation, the PCRA court correctly determined that it lacked jurisdiction to hear this petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016

---

[5] Although petitioners cannot waive illegal sentence claims, they must still raise such claims in a timely PCRA petition. ***Commonwealth v. Taylor***, 5 A.3d 462, 465 (Pa.Super.2013). Rivera failed to do so here.